ORIGINAL

# In the United States Court of Federal Claims

No. 15-1339C
(Filed July 28, 2016)
NOT FOR PUBLICATION

FILED

JUL 2 8 2016

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                \*
                                \*

**SOLOMON UPSHAW,**           \*
                                \*
              Plaintiff,    \*
    v.                       \*
                                \*
**THE UNITED STATES,**      \*
                                \*
              Defendant.   \*
                                \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

    The matter before the Court is defendant's motion to dismiss this case pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons discussed below, defendant's motion is **GRANTED** due to plaintiff's failure to state a claim within this court's subject-matter jurisdiction.

## I. BACKGROUND

    Plaintiff Solomon Upshaw owned a 1992 Kenworth red tractor and a 1985 Dorsey trailer, which he alleges were both improperly seized as part of a wrongful civil forfeiture. Compl. at 1. Mister Upshaw filed this case on November 6, 2015, naming William M. Brandon, Jr., Kara L. Brandon, and WMB Construction, Inc. as defendants. *Id.*[1] Plaintiff seeks the return of the tractor and trailer in question. *Id.*

---

[1] As the subject-matter jurisdiction of this court is limited to suits against the United States, claims based upon wrongdoing by private actors must be dismissed pursuant to RCFC 12(b)(1). *Capelouto v. United States*, 99 Fed. Cl. 682, 688 (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (noting that this court "is without jurisdiction of any suit brought against private parties")). Though Mr. Upshaw does not list the United States as a defendant in the caption, the text of

USPS TRACKING #   **9114 9999 4431 3548 1335 89**
& CUSTOMER   For Tracking or inquiries go to USPS.com
RECEIPT   or call 1-800-222-1811.

The government moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction.

Mister Upshaw has previously filed at least three different cases seeking return of the tractor and trailer. *See Upshaw v. WMB Construction, Inc.*, No. CV13-02438-PA (C.D. Cal. 2013); *Upshaw v. WMB Construction Inc.*, No. 1:13-cv-1110-WGY (D. Mass. 2013); *Upshaw v. WMB Construction, Inc.*, No. 2:13-cv-76 (D. Vermont 2013). Additionally, plaintiff has filed a similar case before the Court of Federal Claims. *See Upshaw v. United States*, 1:14-cv-00569-SJB, (Fed. Cl. July 7, 2014). Early last year the Federal Circuit affirmed our court's dismissal of his case. *Upshaw v. United States*, 599 F. App'x 387, 388, (Fed. Cir. 2015).

Plaintiff argues that the government must return the tractor and trailer to him because, under 18 U.S.C. § 983, a party who was not given proper notice of a civil forfeiture has the right to have the seized property returned. Compl. at 1. Mister Upshaw alleges that the government failed to provide the statutorily-required notice, which entitles him to the return of his property. *Id.* at 2. Plaintiff's complaint consists mainly of quotes from 18 U.S.C.A. § 983. *Id.* at 1–2. Plaintiff seeks an order from the Court setting aside the alleged declaration of forfeiture and the return of the tractor and trailer. *Id.*

The government moved, pursuant to RCFC 12(b)(1), to dismiss plaintiff's complaint as beyond our court's subject-matter jurisdiction, as claims regarding civil forfeiture can only be heard in federal district court. Mot. to Dismiss at 3, 6–7. Defendant also maintains, under RCFC 12(b)(6), that plaintiff has failed to state a claim upon which relief can be granted, which would also warrant dismissal. *Id.* at 7–8.

Plaintiff's response to the government's motion provides more detail regarding his claim. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, (January 27, 2016), ECF No. 5 (Pl.s' Resp.). Plaintiff contends that under the Federal Tort Claims Act, the government is liable in tort for the improper forfeiture action. *Id.* at 1.[2] The government replied and reasserted the same grounds in its original motion to dismiss the case. On March 23, 2016, plaintiff filed a surreply to the government's motion, which mainly addressed a parking ticket he was given by a Boston police

---

Mr. Upshaw's complaint alleges improper conduct by the United States. Thus, the Court will construe his complaint liberally to have been brought against the United States.

[2] Mister Upshaw also included with his response the original certificate of title to the tractor which this dispute concerns. The Court was satisfied that it was a valid certificate of title and returned it to plaintiff. *See* Order, (January 29, 2016), ECF No. 6.

officer and several of plaintiff's other lawsuits.  The paper did not discuss any action taken by the federal government.

## II.  DISCUSSION

### A.  Subject-Matter Jurisdiction

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction.  When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed.  *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).  The party invoking a court's jurisdiction bears the burden of establishing it and must ultimately do so by a preponderance of the evidence.  *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

### B.  Analysis

Construing Mr. Upshaw's complaint liberally, he appears to raise two claims.  First, he contends that the proper procedures under 18 U.S.C. § 983 were not followed, and thus the government should return his tractor and trailer.  Second, he argues that the government is liable for an alleged tortious seizure of the tractor and trailer.  The Court lacks subject-matter jurisdiction to address either of these claims.

#### 1.  The Court Lacks Subject-Matter Jurisdiction to Review Plaintiff's Claim of Improper Civil Forfeiture

Plaintiff alleges that the United States government has waived sovereign immunity under 18 U.S.C. § 983 and that the government must follow the provisions in that statute.  Compl. at 1.  As that statute requires proper notice be given provided to a person before his property is forfeited, and Mr. Upshaw alleges he did not receive notice regarding the civil forfeiture of the tractor and trailer, he seeks an order requiring the federal government to return them to him.  Compl. at 2.

Mister Upshaw's argument fails for two reasons. First, the federal government was not the entity that took the tractor and trailer. Though the complaint suggests that his property was "in possession of the government," Compl. at 1, and contends that a forfeiture was accomplished under 18 U.S.C. § 983, plaintiff fails to plead that the federal government had anything at all to do with the loss of his property.[3] Because Mr. Upshaw has made no claim against the government, the Court does not have subject-matter jurisdiction. *See Capelouto,* 99 Fed. Cl. at 688. In plaintiff's appeal of the dismissal of his prior lawsuit, the Federal Circuit noted that plaintiff "alleges no facts that actually implicate the Government." *Upshaw,* 599 F. App'x at 388. The same infirmity is present in this case. Second, even if the government had seized the tractor and trailer, this Court would still lack jurisdiction. Section 983(f) assigns to the U.S. district courts the authority to hear claims under the civil forfeiture law. *Hammitt v. United States,* 69 Fed. Cl. 165, 168 (2005) (discussing 18 U.S.C. § 983). Thus, this Court lacks subject-matter jurisdiction to review claims raised under 18 U.S.C. § 983.

### 2. *The Court Lacks Subject-Matter Jurisdiction over Tort Claims Against the Federal Government*

Mister Upshaw contends that this Court has jurisdiction to hear his claim based on the United States' tortious conduct. This court has the power to hear only certain cases brought against the *United States* government based on grounds *other than torts. See* 28 U.S.C. § 1491. This court lacks subject-matter jurisdiction to hear claims against the United States for alleged tortious conduct. *Brown v. United States,* 105 F.3d 621, 623 (Fed. Cir. 1997); *Sellers v. United States,* 110 Fed. Cl. 62, 66 (2013).

Plaintiff may be alleging that the failure of the Avon Police Department to quickly respond to his complaint of theft was a tort and that the federal government is liable for their conduct. *See* Pl.'s Resp. at 9–10 (plaintiff's initial police report regarding the suspected theft of the tractor and trailer). The Avon Police are, however, agents of the state of Massachusetts and not the United States. *See Gharb v. United States,* No. 12–911C, 2013 WL 4828589, at *6 (Fed. Cl. Sept. 9, 2013) (citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.,* 535 U.S. 743, 751 (2002)). As this Court only has jurisdiction to hear cases brought against the United States, *see Vlahakis v. United States,* 215 Ct. Cl. 1018, 1018 (1978), plaintiff has failed to state a claim within our jurisdiction.

---

[3] It appears that Mr. Upshaw is complaining about a matter between himself, the owners of the rental space where he stored his tractor trailer, and other private parties who purchased the property as abandoned.

- 4 -

### III.  CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss this case pursuant to RCFC 12(b)(1) is **GRANTED** due to the plaintiff's failure to state a claim within this court's jurisdiction.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge